## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MIRIAM DANIEL,                             :
                                           :          Civil Action No. 1:05-CV-2126
              Plaintiff                    :
                                           :          (Judge Kane)
v.                                         :
                                           :
CITY OF HARRISBURG, et al.,                :
                                           :
              Defendants                   :

## MEMORANDUM

Pending before the Court is Defendant City of Harrisburg's ("Harrisburg" or "City")

motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  (Doc. No. 5.)  Defendant has filed a timely brief in opposition, and Harrisburg has

filed a brief in reply in which the city narrows its argument in favor of dismissal.  For the reasons

that follow, Plaintiff's claims against the City will be dismissed without prejudice.

I.      **Background**[1]

        In November 2003, Plaintiff was hired as a consultant by the National Civil War Museum

("Museum").  (Compl. ¶ 15.)  During her interview for this position, Plaintiff disclosed that she

suffered from a seizure disorder.  (Id. ¶ 16.)  Shortly after being hired by the Museum, Plaintiff

was promoted to the position of Sales and Marketing Manager.  (Id. ¶ 17.)

        In February 2004, Plaintiff suffered a seizure while at work, causing her to sustain

injuries and aggravate her seizure disorder, which resulted in her suffering uncontrollable

seizures.  (Id. ¶¶ 19, 20.)  Plaintiff took an approved leave of absence from her employment from

the date of her injury until April 19, 2004 in order to recuperate.  (Id. ¶ 21.)  Upon her return to

---

[1]      All facts have been taken from Plaintiff's Complaint, viewed in the light most
favorable to Plaintiff.

work on April 19, 2004, Plaintiff suffered another seizure and was hospitalized until May 6, 2004.  (<u>Id.</u> ¶¶ 22-23.)

On June 23, 2004, Plaintiff was cleared to return to work effective July 19, 2004.  (<u>Id.</u> ¶ 24.)  On June 15, 2004, the Museum notified Plaintiff that her employment was being terminated because the Museum's insurance carrier would not cover Plaintiff under the Museum's automobile insurance policy.  (<u>Id.</u> ¶ 25.)

Plaintiff alleges that the Museum is an agency of the City.  (<u>Id.</u> ¶ 5.)  In support of this claim, Plaintiff avers that the City owns the land and premises from which the Museum operates and owns and insures all artifacts and other pieces displayed at the Museum.  (<u>Id.</u> ¶¶ 6-7.) Additionally, Plaintiff alleges that the City pays all payroll costs incurred by the Museum, as well as the medical insurance premiums for all Museum personnel.  (<u>Id.</u> ¶¶ 8-9.)  Plaintiff also contends that all Museum personnel are covered under the City's pension plan, and that the City pays the Museum's contribution to the pension plan.  (<u>Id.</u> ¶¶ 11-12.)  Finally, Plaintiff contends that the City administers and finances various operations and functions of the Museum, and that the Museum "operates under the direction of the City" through a Board of Directors on which the City's mayor holds a seat.  (<u>Id.</u> ¶¶ 13-15.)

In this action, Plaintiff alleges that her employment with the Museum was unlawfully terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u> ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 <u>et seq.</u> ("ADA"), and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951 <u>et seq.</u> ("PHRA").

## II.    Standard of Review

In examining motions to dismiss for failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6), the Court accepts all of the well-pleaded allegations in the complaint as true.

Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77 (3d Cir. 2003).  Dismissal under 12(b)(6) can be

granted only if the plaintiff cannot obtain relief under any set of facts.  Leamer v. Fauver, 288

F.3d 532, 547 (3d Cir. 2002).

## III.   Discussion

On November 23, 2005, the City moved to dismiss the Complaint, contending that the

City was not Plaintiff's employer, and therefore could not be held liable for any of Plaintiff's

claims.  Additionally, the City argued that Plaintiff failed to exhaust administrative remedies

mandated under Title VII and the ADA, but has since conceded this argument for purposes of the

pending motion because Plaintiff has demonstrated that she filed a timely claim with the Equal

Employment Opportunity Commission and was issued a right-to-sue letter.

Harrisburg asserts that Plaintiff has mistakenly sued the City, incorrectly believing that

the Museum is an agency of the City.  Defendant notes that the Museum is a domestic nonprofit

corporation incorporated under the laws of the Commonwealth of Pennsylvania.  Accordingly,

Harrisburg asserts that the Museum "as a corporation able to be sued, and not the City of

Harrisburg, employed the Plaintiff."  (Doc. No. 8 at 5.)  Additionally, Harrisburg anticipates that

Plaintiff has sued the City under the theory that Harrisburg should be considered Plaintiff's co-

employer.  Harrisburg contends that this theory is inapplicable to this case because Plaintiff has

failed to allege that Harrisburg exercised sufficient control over her day-to-day employment to

be considered a co-employer.

In response, Plaintiff argues that the mere fact that the Museum is incorporated in not

dispositive of whether the City maintains operational or financial control over the Museum, and

maintains that the question of whether an entity can be considered a co-employer is an issue of fact.

The United States Court of Appeals for the Third Circuit has instructed that "the precise contours of an employment relationship can only be established by a careful factual inquiry." Graves v. Lowery, 117 F.3d 723, 729 (3d Cir. 1997).  In Graves, the Third Circuit found that the district court erred in dismissing a sexual harassment suit brought by county court clerks against, inter alia, Dauphin County, Pennsylvania, where the plaintiffs did not merely allege that the county funded their employment, but asserted that the county "through its funding, actions and policies, exercised the requisite control over the daily employment activities of the Clerks in order to incur liability as their co-employer."  Id.  (emphasis added.)  In particular, the Court found that "the Clerks alleged that they were covered by the County's personnel policies, that they were told that they were County employees, that the County investigated their allegation of sexual harassment, that they were subject to termination and/or reinstatement by the County and that two of them were hired by the County."  Id.  On the basis of these allegations, the Court found that "the employment relationship between the Clerks and the County was sufficiently ambiguous that the Clerks' claim against the Court should not have been dismissed at the pleading stage."  Id.

In this case, Plaintiff has made the following allegations in support of her claim that the City should be considered a co-employer along with the Museum: (1) the City owns the land and premises from which the Museum operates; (2) the City owns and insures all artifacts and other historical pieces on display at the Museum; (3) the City pays all payroll costs incurred by the Museum; (4) the City pays medical insurance premiums for Museum personnel; (5) Museum

personnel are covered under the same medical and pension plans as City personnel; (6) the City funds the Museum's contribution to the pension plan; (7) the City "administers and funds numerous operations and functions of the Museum"; and (8) the Museum operates through a board of directors on which the Mayor of Harrisburg holds a seat.  (Compl. ¶¶ 6-15.)  Almost all of these allegations focus on the fact that the City provides significant financial support to the Museum, but none of the allegations state that the City actually exercises any control over the employment of Museum personnel.  Only Plaintiff's general allegation that the City "administers" certain "operations and functions" of the Museum, and her averment that Mayor Stephen Reed sits on the Museum's board, relate at all to questions of actual operational control or entanglement between what Plaintiff acknowledges are separate legal entities, and these allegations appear entirely unrelated to employment matters.  Unlike Graves, there does not appear to be any ambiguity as to what entity actually employed Plaintiff, or what entity had ultimate control over her hiring, employment, and termination.  Plaintiff has not alleged that she at any time believed she was working for the City, nor that City personnel had anything to do with the terms or conditions of her employment or its termination.  The Court finds that Plaintiff has not alleged facts that, if proven, would establish that the City was her co-employer.

Plaintiff contends that the question of whether the City should be considered a co-employer for purposes of this litigation can be answered by reference to Nesbit v. Gears Unlimited, Inc., 347 F.3d 72 (3d Cir. 2003).  The City agrees that Nesbit is relevant to this action, although it argues that the case actually supports its claim that it should not be considered Plaintiff's co-employer.  Nesbit did not address the issue of co-employment per se, but rather announced the factors courts should look to before substantively consolidating two or more

entities for statutory purposes in a Title VII action where the plaintiff's immediate employer did not employ the statutory minimum of 15 employees.  Because there appears to be no dispute in this case that the Museum employed the statutorily required number of employees, the Court questions the relevance of <u>Nesbit</u>.  Nevertheless, because both Plaintiff and Harrisburg believe that <u>Nesbit</u> has some application to this case, the Court will discuss it briefly below.

<u>Nesbit's</u> central holding is that the fifteen-employee threshold of Title VII is a substantive element of a Title VII claim, and is not jurisdictional.  347 F.3d at 83.  Accordingly, district courts should resolve disputes over whether an employer employs more than fifteen people under the summary judgment standard as opposed than as a motion for judgment on the pleadings.  <u>Id.</u> at 84.  <u>Nesbit</u> holds that in cases where a plaintiff claims that multiple entities should be considered one employer for Title VII purposes, courts should "consider a company and its affiliates a single employer under Title VII (1) when the company has split itself into entities with less than fifteen employees intending to evade Title VII's reach or (2) when a parent company has directed the subsidiary's discriminatory act of which the plaintiff is complaining."  <u>Id.</u> at 85-86.

More relevant for purposes of the instant case, <u>Nesbit</u> instructs that where neither of the foregoing situations are presented, courts should engage in an "intentionally open-ended equitable inquiry . . . to determine when substantively to consolidate two entities."  <u>Id.</u> at 87.[2]  In the Title VII context, Courts should focus on "operational entanglement – whether operations of the companies are so united that nominal employees of one company are treated interchangeably

---

[2]        The Court also noted that substantive consolidation is an equitable remedy, and is difficult to achieve.  <u>Id.</u> at 86.

with those of another." Id.  Relevant operational factors include:

> (1) the degree of ownership between the entities with respect to ownership, management (both directors and officers), and business functions (e.g., hiring and personnel matters), (2) whether they present themselves as a single company such that third parties dealt with them as one unit, (3) whether a parent company covers the salaries, expenses, or losses of its subsidiary, and (4) whether one entity does business exclusively with the other.

Id.  The Court also noted that financial entanglement was a relevant factor in deciding whether substantively to consolidate entities in the Title VII context.  Id.

Nesbit directed that courts should determine whether an employer meets the statutory requirements contained in Title VII as part of a merits analysis.  The instant case comes before the Court on a motion to dismiss.  Accordingly, to apply Nesbit requires the Court to discern whether Plaintiff has alleged sufficient entanglement between the Museum and the City that, if proven, would warrant consolidating both parties as a single employer.  As discussed above, however, the Court finds that Plaintiff's allegations relate almost entirely to the Museum's substantial dependence upon the City for financial support, including the fact that the City funds the Museum's payroll expenses, owns the Museum's artifacts and displays, and acts as the Museum's landlord.  Other than to note that the City's mayor sits on the Museum's board of directors, the Complaint contains no allegations that there is sufficient overlap of ownership interests, nor that either the Museum or the City hold themselves out as a single entity, nor that the Museum does business exclusively with the City.  The Court finds that even if Plaintiff's allegations were proven, they would not be sufficient to substantively consolidate the City and

Museum.

The City asks that the Court dismiss Plaintiff's Complaint without prejudice to her right to amend the Complaint to add the City as a defendant in the event she learns through discovery with the Museum additional facts that would present a good faith basis to support her claim that the City should be considered her co-employer.  (Doc. No. 10.)  The Court finds that dismissal without prejudice is warranted.  Plaintiff shall be permitted to proceed with her claims against the Museum, and if she asserts additional facts that would support her claim that the City should be considered her co-employer or should be substantively consolidated with the Museum, she may request permission to amend the Complaint at such time and the Court will evaluate such a motion in accordance with Rule 15(a) of the Federal Rules of Civil Procedure.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIRIAM DANIEL,** | : | |
| | : | **Civil Action No. 1:05-CV-2126** |
| **Plaintiff** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | |
| **CITY OF HARRISBURG, <u>et</u> <u>al.</u>,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

**AND NOW**, this 6th day of March, 2006, upon consideration of Defendant City of Harrisburg's Motion to Dismiss (Doc. No. 5), and for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT** the motion is **GRANTED**.  Plaintiff's claims against the City of Harrisburg are hereby dismissed without prejudice to her right to seek leave to amend the Complaint if she discovers additional facts that would support her claim that the City should be considered her co-employer or that the City and Museum should be substantively consolidated.


          S/ Yvette Kane
        Yvette Kane
        United States District Judge